UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

REMCODA, LLC,

                    Plaintiff,

v.

RIDGE HILL TRADING (PTY) LTD,
ATARAXIA CAPITAL PARTNERS PTY LTD,
DE RAJ GROUP AG, PETRICHOR CAPITAL
SDN BHD,   PETRICHOR CAPITAL TRADING
LIMITED, VAIDYANATHAN MULANDRAM
NATESHAN, GAYATHRI VAIDYANATHAN,
MENUSHA GUNAWARDHANA, VINCENT
FLETCHER, AND RUSSELL GROSS,

                    Defendants.

---

Civil Action No. 1:21-cv-00979-ER

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS
PETRICHOR CAPITAL SDN BHD, PETRICHOR CAPITAL TRADING
LIMITED, VAIDYANATHAN MULANDRAM NATESHAN,
AND GAYATHRI VAIDYANATHAN'S MOTION TO DISMISS**

DORSEY & WHITNEY LLP

Daniel P. Goldberger
Kaleb McNeely
51 West 52nd Street
New York, New York 10019
(212) 415-9200
goldberger.dan@dorsey.com
mcneely.kaleb@dorsey.com

*Attorneys for Defendants Petrichor Capital Sdn Bhd,
Petrichor Capital Trading Limited, Vaidyanathan
Mulandram Nateshan, and Gayathri Vaidyanathan*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ............................................................................................................................... 4

    A.    The Petrichor Defendants Are Not Subject To Personal Jurisdiction In New York ................................................................................................................ 4

    B.    Plaintiff's Allegations Against The Petrichor Defendants Should Be Dismissed For Failure To State A Claim ................................................................ 5

        1.    Plaintiff's claims against the individual Petrichor Defendants should be dismissed ........................................................................... 5

        2.    Plaintiff's claim for breach of contract should be dismissed ..................... 7

        3.    Plaintiff's fraud claims against the Petrichor Defendants should be dismissed .................................................................................................. 8

        4.    Plaintiff's quasi-contractual claims against the Petrichor Defendants are precluded by Plaintiff's Agreement with Ridge Hill ......... 9

CONCLUSION ........................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Geoffrey A. Orley Revocable Tr. v. Genovese*,
    2020 U.S. Dist. LEXIS 19418 (S.D.N.Y. Feb. 5, 2020)............................................................9

*Mtume v. Sony Music Entm't*,
    2020 U.S. Dist. LEXIS 150143 (S.D.N.Y. Aug. 19, 2020)....................................................10

*Stillwater Liquidating LLC v. Net Five Palm Pointe, LLC*,
    2018 U.S. Dist. LEXIS 54558 (S.D.N.Y. Mar. 30, 2018) .....................................................10

**Other Authorities**

C.P.L.R. § 302(a)(3)(ii)............................................................................................................4, 5

Fed. R. Civ. P. 12(b)(2).............................................................................................................1, 5

Fed. R. Civ. P. 12(b)(6)................................................................................................................1

## PRELIMINARY STATEMENT

In their moving brief (the "Moving Brief"), the Petrichor Defendants[1] demonstrated that all of Plaintiff's claims against them should be dismissed with prejudice because (1) the Petrichor Defendants are not subject to personal jurisdiction in New York and (2) the Complaint fails to state a claim against any of the Petrichor Defendants.  Plaintiff's opposition brief (the "Opposition") utterly fails to counter the Petrichor Defendants' arguments for dismissal.  Instead, Plaintiff repeatedly conflates the conduct of the Ridge Hill Defendants with that of the Petrichor Defendants (for example, by ascribing conduct to "Defendants" where it could *only* be referring to Ridge Hill). Plaintiff also improperly attempts to rescue its deficient Complaint by making new allegations in its Opposition. Indeed, as the Complaint (and the fact section of the Opposition) make clear, Plaintiff entered into a contract with Ridge Hill *and* paid the deposit it seeks to recoup before the Petrichor Defendants had *any* contact with, or made *any* representations – direct or indirect – to, Plaintiff.  As such, Plaintiff's efforts to hold the Petrichor Defendants responsible for actions of others should be rejected, and its claims against the Petrichor Defendants should be dismissed in their entirety.

In addition, the Petrichor Defendants are not subject to personal jurisdiction in New York because they do not do business in this state, the Complaint does not adequately allege that any of the Petrichor Defendants committed any tortious act (let alone a tortious act causing harm in New York), and the Petrichor Defendants do not have sufficient minimum contacts with New York to satisfy due process standards for the assertion of personal jurisdiction.  Indeed, the Complaint fails to include *any* allegations that the Petrichor Defendants (as opposed to the Ridge Hill Defendants) are subject to personal jurisdiction in New York.  Instead, all of Plaintiff's jurisdictional allegations

---

[1] Capitalized terms herein have the same meaning as those in the Petrichor Defendants' Moving Brief.

regarding the Petrichor Defendants come by way of impermissible "pleading by brief," and should be rejected for that reason alone.

In its Opposition, Plaintiff nonetheless asserts that the Petrichor Defendants are subject to personal jurisdiction because Plaintiff suffered an injury in New York when it paid the original deposit from a New York bank account. This admission is fatal not only to Plaintiff's jurisdictional arguments but also to its specious fraud claims because the only alleged representations made to Plaintiff *prior* to its payment of the original deposit were by various Ridge Hill Defendants. There is no dispute as to the timeline: none of the Petrichor Defendants had any contact with, or made any representations to, Plaintiff prior to Plaintiff paying the original deposit on its order of gloves. Accordingly, the Petrichor Defendants could not have induced Plaintiff to disburse funds from its New York bank, and therefore both Plaintiff's fraud claim and its claim to specific jurisdiction over the Petrichor Defendants based upon alleged tortious acts fail.

Nor does Plaintiff's belated claim of jurisdiction pursuant to the co-conspirator doctrine (which is pleaded nowhere in the Complaint) save Plaintiff's deficient jurisdictional arguments. Plaintiff does not plead a conspiracy in its Complaint and even its "pleading by brief" allegations are nothing but conclusory and unsupported claims insufficient to meet the pleading standards for conspiracy. In any event, Plaintiff cannot escape the timeline set forth in its own pleading, which is fatal to its claims: there is no factual allegation that the Petrichor Defendants "conspired" with the Ridge Hill Defendants prior to Plaintiff disbursing the funds from its bank account. Because the Petrichor Defendants had no involvement with Plaintiff prior to the payment of the original deposit, the Petrichor Defendants are not subject to personal jurisdiction on the basis of alleged prior representations by the Ridge Hill Defendants.

Plaintiff's Opposition also fails to adequately address the Petrichor Defendants' arguments

for dismissal for failure to state a claim.  As set forth in the Moving Brief, Plaintiff's alter ego claims are utterly meritless and Plaintiff's transparent attempt to assert claims against the individual Petrichor Defendants on the basis of nothing but conclusory allegations should not be countenanced.  The ***only*** facts Plaintiff pleads in support of its alter ego claims are that the Petrichor Defendants stated that they would use their group resources to assist Plaintiff in recovering the deposit that had been paid to the factory in Vietnam.  That is woefully insufficient to support claims against officers of the Petrichor Defendants in their personal capacity.

Similarly, Plaintiff's efforts to save its other claims against the Petrichor Defendants fall flat.  As Plaintiff's own allegations make clear, Plaintiff entered into a contract with Ridge Hill and paid the deposit under that contract to Ridge Hill ***before*** the Petrichor Defendants had any involvement.  Thus, nothing that the Petrichor Defendants did or said could have induced Plaintiff to either enter into its agreement with Ridge Hill or to pay the deposit it now seeks to recover.  Accordingly, Plaintiff's fraud-related claims against the Petrichor Defendants should be dismissed.

Plaintiff's claim for breach of contract against the Petrichor Defendants should also be dismissed because the Complaint fails to adequately allege the existence of an agreement between Plaintiff and any of the Petrichor Defendants.  In its Opposition, Plaintiff cites to certain inapposite case law and makes a half-hearted argument that unspecified "past consideration" magically transforms the Petrichor Defendants' offer to assist Plaintiff in recovering its deposit (which had already been paid to the factory in Vietnam) into an enforceable contract.  But there is no allegation that the Petrichor Defendants received any "consideration" from Plaintiff, either in the form of money or forbearance from asserting claims.  Because Plaintiff's contract was with Ridge Hill and Ridge Hill alone, its breach of contract claim against the Petrichor Defendants should be dismissed.

Finally, Plaintiff's quasi-contractual claims fail because there is no dispute that Plaintiff

has a valid and enforceable contract with Ridge Hill.  Moreover, the Complaint alleges only that Plaintiff paid its deposit to Ridge Hill – it says nothing about the Petrichor Defendants receiving Plaintiff's deposit nor does it allege in non-conclusory fashion that the Petrichor Defendants derived any benefit from Plaintiff.  Accordingly, because Plaintiff's claims are covered by its indisputably valid contract with Ridge Hill, Plaintiff's claims for unjust enrichment and money had and received against the Petrichor Defendants should be dismissed.

## ARGUMENT

**A.**      **The Petrichor Defendants Are Not Subject To Personal Jurisdiction In New York**

In the Moving Brief, the Petrichor Defendants conclusively established that they are not subject to either general or specific jurisdiction in New York.  Despite the Complaint failing even to assert that the Petrichor Defendants are subject to personal jurisdiction in New York, Plaintiff argues that this Court can assert jurisdiction over the Petrichor Defendants under C.P.L.R. § 302(a)(3)(ii).  Opp. at 23-30.  Plaintiff is wrong and its claims against the Petrichor Defendants should be dismissed for lack of personal jurisdiction.

As set forth in the Moving Brief, there is no jurisdiction under C.P.L.R. § 302(a)(3)(ii) because Plaintiff fails to adequately allege that the Petrichor Defendants committed tortious acts outside New York that caused injury in New York.  *See* Mov. Br. (Dkt. No. 77) at 14-15. The Complaint clearly alleges that Plaintiff entered into the Agreement with Ridge Hill, and transferred the deposit for its order of gloves to Ridge Hill, long before Plaintiff had any communication with the Petrichor Defendants.  *See* Compl., ¶¶ 39-44, 49, and 58. Thus, as both a matter of fact and law, Plaintiff could not have relied upon any statement by the Petrichor Defendants in either entering into the Agreement or making the deposit payment, and Plaintiff's fraud claims therefore fail as a matter of law. Because Plaintiff has failed to plead that the Petrichor Defendants

4

committed any tortious act, there can be no personal jurisdiction under C.P.L.R. § 302(a)(3)(ii).[2]

Recognizing that its fraud claims are insufficient to establish personal jurisdiction over the Petrichor Defendants, Plaintiff attempts to argue that the Petrichor Defendants are nonetheless subject to personal jurisdiction based upon the "co-conspirator doctrine."  Aside from the fact that Plaintiff has not pleaded any conspiracy claims, the Complaint's allegations that the Petrichor Defendants aided and abetted Ridge Hill's alleged fraud (as well as the Opposition's "pleading by brief" conspiracy claims) are insufficient to confer jurisdiction over the Petrichor Defendants under the co-conspirator doctrine, as they are based on nothing but conclusory claims unsupported by any plausible allegations of fact.  *See* Mov. Br. at 14-15 (citing cases).

Finally, as demonstrated in the Moving Brief, the Petrichor Defendants are also not subject to personal jurisdiction in New York because they lack sufficient minimum contacts to meet the standard for due process.  *See* Mov. Br. at 16-17.  Notably, the Opposition does not even attempt to address this argument, implicitly conceding that due process concerns are not met here.  Because the Petrichor Defendants are not subject to personal jurisdiction in New York, all claims against them should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

**B.**      **Plaintiff's Allegations Against The Petrichor Defendants Should Be Dismissed For Failure To State A Claim**

**1.**      **Plaintiff's claims against the individual Petrichor Defendants should be dismissed**

The Moving Brief conclusively demonstrated that the claims against the individual Petrichor Defendants, Mr. Nateshan and his wife, Ms. Vaidyanathan, should be dismissed because

---

[2] The Opposition attempts to distinguish the cases relied upon by the Petrichor Defendants by asserting that in those cases "the Court rested its decision on a failure to plead defendants' tortious conduct, rather than an analysis of how tortious conduct related to New York." Opp. at 26. Plaintiff plainly misunderstands the Petrichor Defendants' position, which is that Plaintiff has failed to adequately allege ***any*** tortious conduct on the Petrichor Defendants' part. *See* Mov. Br. at 14-15.

the Complaint fails to allege actionable conduct by those individuals and fails to plead facts supporting the claim that Mr. Nateshan or his wife are alter egos of the Petrichor Entities.  Mov. Br. at 18-20.   In response, Plaintiff simply parrots the unsupported and conclusory alter ego allegations in the Complaint.  *See* Opp. at 11-13.  While Plaintiff understandably would like to sue everyone it can – including the officers and directors of the corporate entities involved – Plaintiff cannot escape its failure to plead ***a single fact*** supporting personal liability on the part of Mr. Nateshan and his wife, Ms. Vaidyanathan.

As also set forth in the Moving Brief, the only facts Plaintiff alleges in support of its alter ego theory is that, in her August 27, 2020 letter to Plaintiff, Ms. Vaidyanathan stated that the Petrichor Defendants "will be using our group resources" to help recover Plaintiff's deposit with Ridge Hill.  Compl., ¶ 66.  All of the other allegations Plaintiff purports to rely upon for its "alter ego" theory (for example, that the individual Petrichor Defendants exercised "domination" over the Petrichor Entities) are unsupported and conclusory speculation pleaded upon information and belief alone.  *See id.*, ¶¶ 14, 81.  That is insufficient to justify ignoring the corporate form and holding a corporation's officers ***personally*** liable.  *See* Mov. Br. at 18-19 (citing cases).

Indeed, the thrust of Plaintiff's argument is that Petrichor UK and Petrichor Malaysia are sufficiently related to justify holding each responsible for the conduct of the other. While Plaintiff fails to make even this basic showing, its efforts to argue that the ***individual*** defendants are liable fare even worse.   Plaintiff implies, *see* Opp. at 13, that because Mr. Nateshan and Ms. Vaidyanathan are officers of the Petrichor Entities, they are *ipso facto* alter egos of those corporations.  By that reasoning, any officer of a corporation would always be subject to alter ego liability for the conduct of the corporation.  That is not the law and the Complaint pleads no facts plausibly suggesting that Mr. Nateshan and Ms. Vaidyanathan are liable as alter egos.

Finally, the Opposition ignores entirely the UK and Malaysia case law cited (and attached) by the Petrichor Defendants, despite the fact that an alter ego analysis of Petrichor UK and Petrichor Malaysia is governed by the laws of the UK and Malaysia, respectively.  *See* Mov. Br. at 18; *id.* at n. 7.  Plaintiff's omission is telling, as the Complaint fails to plead any facts suggesting that the corporate form was used to perpetuate a fraud or evade a legal obligation, as required under the veil-piercing standards of the UK and Malaysia.  In any event, whether analyzed under the laws of New York, the UK, or Malaysia, Plaintiff has failed to allege in a non-conclusory manner that Mr. Nateshan and Ms. Vaidyanathan are liable as alter egos of the Petrichor Entities and the claims against those individuals should be dismissed in their entirety.

## 2.      Plaintiff's claim for breach of contract should be dismissed

In the Moving Brief, the Petrichor Defendants demonstrated that Plaintiff's claim for breach of contract against the Petrichor Defendants should be dismissed because the Complaint fails to adequately allege the existence of an agreement between Plaintiff and any of the Petrichor Defendants.  Mov. Br. at 21-22.  In response, Plaintiff argues that either "past consideration" or a promise not to sue constituted sufficient consideration to establish the existence of a contract between the Petrichor Defendants and Plaintiff.  Opp. at 20-21.  Plaintiff is wrong and the cases it relies upon do not support its farfetched claim that the Petrichor Defendants' offer to help Plaintiff recover its deposit somehow morphed into a contractual obligation.

Plaintiff appears to assert that the Petrichor Defendants' offer to pay Plaintiff its deposit (even before the Vietnamese factory had returned that deposit) constitutes an enforceable contract because there was consideration for the alleged "promise."  Opp. at 20-21.  Plaintiff then appears to claim that the "consideration" is either its payment of the original deposit to Ridge Hill or an alleged forbearance from suing the Petrichor Defendants.  *Id.*  But the allegations of the Complaint do not support Plaintiff's position.   Nowhere does the Complaint allege that the Petrichor

Defendants received Plaintiff's deposit; rather, that deposit was paid to Ridge Hill.  Compl., ¶¶ 40, 43-44.  The Petrichor Defendants simply stated that, as a goodwill gesture to Ridge Hill's customer, they would attempt to help Plaintiff recover the deposit Plaintiff paid to Ridge Hill.  *See* Dkt. Nos. 78-1, 78-2.  The Petrichor Defendants had no contractual obligation to assist Plaintiff in this regard, they did not receive any commitment or benefit from Plaintiff for doing so, and nothing in the Opposition can change that.

Finally, Plaintiff's newly-minted claim that its alleged promise not to sue the Petrichor Defendants constitutes consideration is likewise meritless.  First, the Complaint does not include this allegation.  Second, the statement by Mr. Nateshan that Plaintiff relies upon, *see* Opp. at 21 (quoting Dkt. No. 78-2), merely states that the Petrichor Defendants would cease their goodwill gesture to help Plaintiff recover its deposit should Plaintiff commence legal proceedings.  There is **no** allegation that **Plaintiff** agreed not to sue the Petrichor Defendants in return for the Petrichor Defendants paying Plaintiff its deposit out of their own funds.  Accordingly, because the Petrichor Defendants received no consideration, their "offer" to assist does not and could not constitute an enforceable contract.

### 3.      Plaintiff's fraud claims against the Petrichor Defendants should be dismissed

Plaintiff's claims for fraud and aiding and abetting fraud should be dismissed on the grounds that those claims do not meet the plausibility standard for pleadings, let alone the heightened pleading requirements for fraud claims, because, *inter alia*, the Complaint fails to allege that Plaintiff relied upon any statement made by the Petrichor Defendants to its detriment.

In its Opposition, Plaintiff argues that the Petrichor Defendants engaged in a "joint scheme" to defraud Plaintiff.  As set forth in the Moving Brief, such generalized and conclusory allegations are insufficient to meet the plausibility standards for pleading, let alone the heightened pleading standards for fraud claims.  *See* Mov. Br. at 23 (citing cases).

Plaintiff generally alleges that "Defendants fraudulently induced Plaintiff to enter into the Agreement by making materially false and misleading representations, and omitting material information peculiarly within Defendants' knowledge." Compl., ¶ 74. Not only is the timing clear and *undisputed*: the Petrichor Defendants made no representations to Plaintiff prior to Plaintiff entering into its contract with Ridge Hill and making a deposit payment, *id.*, ¶¶ 39, 49, 58-60, but the Complaint (and Opposition) fail to identify a single representation made by *any* Petrichor Defendant, let alone *all* of them. Thus, the Petrichor Defendants could not have induced Plaintiff into entering into that contract or making the deposit payment.

Plaintiff's aiding and abetting fraud claims are similarly deficient. Nowhere does the Complaint allege that the Petrichor Defendants even knew of Plaintiff's existence prior to Plaintiff entering into the Agreement with Ridge Hill and paying the deposit. Thus, any alleged misrepresentations by the Petrichor Defendants occurred after Plaintiff had already paid the deposit. As such, Plaintiff has utterly failed to plead the elements of knowledge and substantial assistance. *See Geoffrey A. Orley Revocable Tr. v. Genovese*, 2020 U.S. Dist. LEXIS 19418, at *31-34 (S.D.N.Y. Feb. 5, 2020).[3] Accordingly, all of Plaintiff's fraud claims against the Petrichor Defendants should be dismissed.

### 4. **Plaintiff's quasi-contractual claims against the Petrichor Defendants are precluded by Plaintiff's Agreement with Ridge Hill**

As demonstrated in the Moving Brief, Plaintiff's quasi-contractual claims against the Petrichor Defendants for money had and received and unjust enrichment must fail. Both should be dismissed because (i) they are precluded by the existence of the Agreement, which relates to

---

[3] Plaintiff's attempt to distinguish *Genovese* is unavailing. The issue is not whether the Petrichor Defendants knew certain representations were false, but that the Petrichor Defendants did not make any representations or even know that Ridge Hill had made representations until *after* Plaintiff had entered into the Agreement and paid the deposit it claims it is owed.

the same subject matter and (ii) there is no allegation that the Petrichor Defendants retained the deposit Plaintiff paid or were otherwise unjustly enriched.  Put simply, Plaintiff paid a deposit pursuant to its Agreement with Ridge Hill.  Compl., ¶¶ 40, 43-44.  If Plaintiff believes Ridge Hill failed to perform, it can (as it has) assert a breach of contract claim against Ridge Hill.

In its Opposition, Plaintiff argues that New York law allows the alternative pleading of breach of contract and unjust enrichment claims.  Opp. at 23.  But the case law cited by Plaintiff makes clear that such alternative pleading is permitted only "where the applicability of the contract is disputed."  *Mtume v. Sony Music Entm't*, 2020 U.S. Dist. LEXIS 150143, at *17 (S.D.N.Y. Aug. 19, 2020).  Here, there is no dispute that the Agreement is a valid and enforceable contract.

Plaintiff's attempts to distinguish the cases relied upon by the Petrichor Defendants are unavailing.  As those cases make clear, "the existence of a valid and binding contract governing the subject matter at issue in a particular case precludes a claim for unjust enrichment ***even against a non-signatory to that agreement***."  *Stillwater Liquidating LLC v. Net Five Palm Pointe, LLC*, 2018 U.S. Dist. LEXIS 54558, at *36 (S.D.N.Y. Mar. 30, 2018) (citation omitted) (emphasis added).  Here, the transfer of funds by which Plaintiff alleges it was harmed (*i.e.*, the payment by Plaintiff of the deposit) was made to ***Ridge Hill***, pursuant to Plaintiff's Agreement with ***Ridge Hill***.  In such a case, Plaintiff may assert a breach of contract claim against Ridge Hill.  It may not, however, on the basis of vague and generalized allegations that "Defendants" retained the funds, assert duplicative quasi-contractual claims against the Petrichor Defendants.

## CONCLUSION

For all the foregoing reasons, as well as those set forth in the Moving Brief, the Complaint as against the Petrichor Defendants should be dismissed with prejudice.

Dated: September 29, 2021

DORSEY & WHITNEY LLP

By:   /s/ Daniel P. Goldberger
      Daniel P. Goldberger
      Kaleb McNeely
      51 West 52nd Street
      New York, New York 10019
      (212) 415-9200
      goldberger.dan@dorsey.com
      mcneely.kaleb@dorsey.com

      *Attorneys for Defendants Petrichor Capital Sdn Bhd, Petrichor Capital Trading Limited, Vaidyanathan Mulandram Nateshan, and Gayathri Vaidyanathan*