UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
REMCODA, LLC,

                      *Plaintiff*,

         -against-                                  **Civil Action No. 1:21-cv-00979-ER-SLC**

RIDGE HILL TRADING (PTY) LTD, ATARAXIA
CAPITAL PARTNERS PTY LTD, DE RAJ GROUP AG,
PETRICHOR CAPITAL SDN BHD, PETRICHOR
CAPITAL TRADING LIMITED, VAIDYANATHAN
MULANDRAM NATESHAN, GAYATHRI
VAIDYANATHAN, MENUSHA GUNAWARDHANA,
AND VINCENT FLETCHER,

                      *Defendants*.

-------------------------------------------------------------------X

## [PROPOSED] PROTECTIVE ORDER

HON. EDGARDO RAMOS, United States District Judge:

       The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

       ORDERED that any person subject to this Order— including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

       1.     Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material (the "Producing Person") may designate as Confidential any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the Producing Person, seriously harm the Producing Person's business, commercial, financial, or personal interests or cause the Producing Person to violate that person's privacy or confidentiality obligations to others. Where the confidential portion is reasonably separate from the other non-confidential portion, via redaction or otherwise, only the confidential portions shall be so designated.

3. At any time, the party that has received any Confidential Discovery Material (the "Receiving Party") may notify the Producing Person in writing that the Receiving Party does not concur in the designation of Discovery Material as Confidential. The Producing Person and the Receiving Party shall first meet and confer in good faith to attempt to agree to reclassify or declassify such Discovery Material within seven (7) days of the written request. If the Producing Person does not agree to reclassify or declassify such Discovery Material, the Receiving Party may move before the Court for an order reclassifying or declassifying such Discovery Material. Notwithstanding anything herein to the contrary, the Producing Person bears the burden of establishing the propriety of its designation of Discovery Material as Confidential.

4. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the Confidential information redacted. All depositions shall presumptively be treated as Confidential and subject to this Stipulation during the

deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the parties.  At or before the end of such fifteen (15) day period, counsel for any party designating any portion of a deposition transcript or exhibit as "Confidential" shall notify counsel for all other parties, in writing, of the portions to be so designated.

5. If at any time prior to the trial of this action, a Producing Person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential, such Producing Person may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

6. No person subject to this Order other than the Producing Person shall disclose any of the Discovery Material designated by the Producing Person as Confidential to any other person whomsoever, except to:

    a. The parties to this action;

    b. Counsel of record for the respective parties to this litigation, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    c. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d. Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  e. Any person retained by a party to serve as an expert witness or otherwise provide specialized advise to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  f. Stenographers and videographers engaged to transcribe depositions conducted in this action; and

  g. The Court and its support personnel.

7. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. Any person filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential portions of the Discovery Material itself, and not text that does not materially reveal the Confidential Discovery Material.

8. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Discovery Material submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

9. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10. This order shall survive the termination of this litigation. Within sixty (60) days of the final disposition of this action—including all appeals—all Discovery Material designated as Confidential and all copies thereof, shall be promptly returned to the producing person or destroyed. Notwithstanding this provision, the attorneys that the parties have specifically retained for this action may retain an archival copy of all Discovery Material as part of their records, provided that such counsel shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED:

| | |
|---|---|
| OVED & OVED LLP | DORSEY & WHITNEY LLP |
| /s/ Glen Lenihan<br>Glen Lenihan<br>Andrew L. Kincaid<br>401 Greenwich Street<br>New York, NY 10013<br>Tel: 212.226.2376<br>glenihan@ovedlaw.com<br>akincaid@ovedlaw.com<br>*Attorneys for Plaintiff Remcoda, LLC* | /s/ Kaleb McNeely<br>Daniel P. Goldberger<br>Kaleb McNeely<br>51 West 52nd Street<br>New York, New York 10019<br>(212) 415-9200<br>goldberger.dan@dorsey.com<br>mcneely.kaleb@dorsey.com<br>*Attorneys for Defendants Petrichor Capital Sdn Bhd, Petrichor Capital Trading Limited, Vaidyanathan Mulandram Nateshan, and Gayathri Vaidyanathan* |
| DIAZ REUS & TARG, LLP | AMINI LLC |
| /s/ Zhen Pan<br>Ahmand Johnson<br>Zhen Pan<br>Prince-Alex Iwu<br>100 Southeast Second Street<br>3400 Miami Tower<br>Miami, Florida 33131<br>ajohnson@diazreus.com<br>zpan@diazreus.com<br>piwu@diazreus.com<br>*Attorneys for Defendants Ridge Hill Trading (PTY) LTD, Ataraxia Capital Partners (PTY) LTD, Menusha Gunawardhana, and Vincent Fletcher* | /s/ Casey J. Hail<br>Bijan Amini<br>Casey J. Hail<br>131 West 35th Street, 12th Floor<br>New York, New York 10001<br>(212) 497 - 8217<br>bamini@aminillc.com<br>chail@aminillc.com<br>*Attorneys for Defendant Russell Gross* |

SO ORDERED

Dated: October 21, 2021
New York, New York

_____
Edgardo Ramos, U.S.D.J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
REMCODA, LLC,

                *Plaintiff*,

    -against-

RIDGE HILL TRADING (PTY) LTD, ATARAXIA CAPITAL PARTNERS PTY LTD, DE RAJ GROUP AG, PETRICHOR CAPITAL SDN BHD, PETRICHOR CAPITAL TRADING LIMITED, VAIDYANATHAN MULANDRAM NATESHAN, GAYATHRI VAIDYANATHAN, MENUSHA GUNAWARDHANA, AND VINCENT FLETCHER,
                *Defendants*.
--------------------------------------------------------------------X

**Civil Action No. 1:21-cv-00979-ER-SLC**

**NON-DISCLOSURE AGREEMENT**

    I, _____ [print name], acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential.  I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                  _____

                                                                                                 [Signature]