# MEMO ENDORSED

## MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
JODI MISHER PEIKIN
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

ranello@maglaw.com
(212) 880-9520

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
DEVIN M. CAIN
JASMINE JUTEAU
CURTIS B. LEITNER
JACOB W. MERMELSTEIN

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

July 15, 2022

> The request is granted. Gross is directed to refile the documents that should be unsealed on ECF, including any redactions identified below. The previous seal will remain in effect. SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: July 15, 2022
> New York, New York

**BY ECF**
Honorable Edgardo Ramos
Courtroom 619
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: *Remcoda, LLC v. Ridge Hill Trading (PTY) LTD, et al.*, 21 Civ. 979 (ER)

Dear Judge Ramos:

    I represent defendant Russell Gross. On June 30, 2022, I filed on Mr. Gross's behalf a Motion to Dismiss plaintiff's Second Amended Complaint together with supporting materials (the "MTD Filings"). Dkts. 155, 156, 157. The MTD Filings currently are under seal, *see* Dkt. 159, and pursuant to the Court's July 5, 2022 Order, I write on behalf of the parties to communicate their respective positions as to what documents in the MTD Filings, if any, should remain under seal.[1]

    Defendants Ridge Hill Trading (PTY) LTD ("Ridge Hill"), Ataraxia Capital Partners PTY LTD ("Ataraxia"), and Mr. Gross do not seek redaction or continued sealing of any of the MTD Filings. Plaintiff Remcoda, LLC ("Remcoda") seeks the continued sealing of certain documents (in whole or in part), and has provided the below language for inclusion in this letter which identifies the documents and provides Remcoda's justification for continued sealing. Mr. Gross, Ridge Hill, and Ataraxia have no objection to Remcoda's request for continued sealing.

---

[1] The documents currently under seal appear at: Dkts. 156, 156-6, 156-7, 156-8, 156-11, 156-12, 156-13, 156-14, 156-15, 156-16, 156-17, 156-18, 156-19, 156-20, 156-21, 156-22, 156-23, 156-24, 156-25, 156-26, 156-27, 156-28, 156-29, 156-30, and 157.

### Remcoda's Proposed Redactions

Remcoda proposes that Documents Nos. 156-11, 156-12, 156-13, and 156-14 be redacted to remove the personal identifying information of Marc Garson and third parties, including home addresses, telephone numbers, and the "file number" in the ALTA Settlement Statement. This information is highly sensitive and irrelevant to the action, except for the limited purpose of addressing matters regarding citizenship, which can be shown by leaving the city and state un-redacted in the documents. *See, e.g.*, *Letchford v. Scotwork (N. Am.) Inc.*, 19-CV-8921 (RA), 2020 U.S. Dist. LEXIS 221770, at *3 (S.D.N.Y. Nov. 24, 2020) (redacting personal information where "there is no indication that the limited personal information at issue" was "necessary or helpful").

Remcoda also proposes that Documents Nos. 156 (Declaration of Robert J. Anello) and 157 (Mr. Gross's Memorandum of Law) be redacted to the extent they describe the contents of documents that are redacted or remain under seal.

### Remcoda's Proposed Documents for Sealing Entirely

Remcoda proposes that Documents Nos. 156-6, 156-7, 156-8, 156-22, 156-27, and 156-28 be sealed entirely. Document No. 156-6 is Marc Garson's New York driver's license, which, although expired, contains sensitive personal information including his date of birth, identification number, height, and former home address. Documents Nos. 156-7, 156-8, 156-22, 156-27, and 156-28 are replete with Remcoda's proprietary business information and trade secrets, including financing arrangements, supplier relationships, and similar competitive information that Remcoda protects with non-disclosure agreements, including in past agreements with Unicorn Health LLC. *See, e.g.*, *Ramirez v. Temin & Co.*, 20 Civ. 6258 (ER), 2020 U.S. Dist. LEXIS 216034 (S.D.N.Y. Nov. 18, 2020) (Ramos, J.) (sealing confidential business information and noting that "[w]hen a document is protected by a non-disclosure agreement, it will serve as an additional, although not dispositive, factor in determining whether the document contains confidential information or a trade secret and therefore should be sealed").

Thank you for your consideration of this submission.

Respectfully submitted,

/s/ Robert J. Anello
Robert J. Anello

cc:   All counsel (by ECF)