UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

REMCODA, LLC,                                                    Civil Action No. 1:21-cv-00979

        *Plaintiff*,

  - against -                                          **DEFAULT JUDGMENT**

RIDGE HILL TRADING (PTY) LTD, AND ATARAXIA
CAPITAL PARTNERS PTY LTD,

        *Defendants*.
-------------------------------------------------------------------X

  This action, having been commenced on February 3, 2021 by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been personally served on the defendants Ridge Hill Trading (PTY) Ltd. and Ataraxia Capital Partners PTY Ltd., on May 21, 2021, pursuant to the Court's May 21, 2021 Order Authorizing Alternative Service (the "Order") by placing true and correct copies of the Order, the Summons, and Complaint in sealed, properly-addressed FedEx Paks, with postage paid thereon, and depositing said documents in an official depository maintained by FedEx in the city and state of New York, to be delivered to their counsel; a proof of service having been filed on May 24, 2021; and Defendants Ridge Hill Trading (PTY) Ltd. and Ataraxia Capital Partners PTY Ltd., having failed to appear through counsel, in violation of the Court's orders dated August 21, 2023, and September 14, 2023, it is ORDERED, ADJUDGED AND DECREED:

  1. That the Plaintiff has judgment against Defendants Ridge Hill Trading (PTY) Ltd. and Ataraxia Capital Partners PTY Ltd., jointly and severally, in the amount of $3,756,914, with prejudgment interest at the rate of 9% from July 31, 2020 through the date of this judgment. Plaintiff is "entitled to recover prejudgment interest on the principal amount at the annual rate of

9%" because under New York law, "prejudgment interest in breach of contract cases is mandatory." *Queens Ballpark Co., LLC v. Vysk Communs.*, 226 F. Supp. 3d 254, 260 (S.D.N.Y. 2016) (Ramos, J.) (internal quotation marks omitted); *see also Apex Emple. Wellness Servs. v. APS Healthcare Bethesda, Inc.*, 11 CIV. 9718 (ER), 2017 U.S. Dist. LEXIS 14254, *32 (S.D.N.Y. Feb. 1, 2017) ("In a diversity case, state law governs the award of prejudgment interest.") (Ramos, J.) (internal quotation marks omitted); N.Y.C.P.L.R. § 5001 ("Interest shall be recovered upon a sum awarded because of a breach of performance of a contract . . ."). For these purposes, "'[i]nterest shall be computed from the earliest ascertainable date the cause of action existed.'" *H.Daya Int'l Co. v. Arazi*, 348 F. Supp. 3d 304, 312 (S.D.N.Y. 2018) (Ramos, J.) (citing N.Y.C.P.L.R. § 5001(b)). Here, the parties' contract provides for the application of New York State law and Plaintiff's claim for breach of that contract accrued when Defendants Ridge Hill Trading (PTY) Ltd. and Ataraxia Capital Partners PTY Ltd. failed to deliver gloves on July 31, 2020, as promised.

2.   Post-judgment interest will accrue from the date hereof as provided for by 28 U.S.C. § 1961.

Dated: New York, New York
       November 21, 2023

_____
Edgardo Ramos, U.S.D.J.

This document was entered on the docket on _____.